UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


MAHLON BREON,
            - Plaintiff



        v.                          CIVIL NO. 3:04-CV-00374(CFD)(TPS)



COCA-COLA BOTTLING COMPANY
OF NEW ENGLAND,
            - Defendant

### RULING ON PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

The plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*, and parallel Connecticut statutes.  Pending before the court is the plaintiff's Motion to Compel **[Dkt. #29]** and Motion for a Protective Order **[Dkt. #30]**. For the reasons stated below, plaintiff's Motion to Compel **[Dkt. #29]** is **GRANTED** in part and **DENIED** in part.  Plaintiff's Motion for a Protective Order **[Dkt. #30]** is **GRANTED**.

### I.   Facts

_____  The facts as alleged in the complaint are as follows. Plaintiff, a 56-year old male, has been blind in his left eye since birth.  Since 1984 he has worked as a truck driver for the

-1-

defendant or defendant's predecessors.  According to the complaint, plaintiff's eyesight falls below the applicable federal standards for operators of commercial vehicles in interstate travel. However, plaintiff alleges that the federal regulations do not apply to drivers who operate solely in intrastate commerce.  In this case, plaintiff operated trucks for defendant exclusively within the State of Connecticut.

In order to obtain authorization for intrastate operation of a commercial vehicle, plaintiff obtained medical waivers from the Connecticut Department of Transportation.  Employers are required to consent to these medical waivers.  Plaintiff alleges that from 1984 to 2003 the defendant or its predecessors signed plaintiff's medical waivers.  However, in 2003 defendant refused to sign the waiver and the plaintiff was demoted to a non-driving position. Plaintiff's new position paid significantly less than his job as a truck driver.  To justify the demotion defendant cited a company policy which stated that defendant would not approve or authorize requests for state medical waivers.  It is the demotion that plaintiff contends violates federal and state employment discrimination laws.

## II.  Discussion

Throughout the course of discovery plaintiff served defendant with multiple interrogatories and requests for production.  For various reasons, the defendant objected to plaintiff's discovery

requests.   Plaintiff  now  brings  this  motion  to  compel  discovery
pursuant to Fed. R. Civ. P. 37(a)(2).

**A.    Relevance Claims**

Defendant  objects  to  several  of  plaintiff's  interrogatories
and production requests on the grounds of relevance.[1]  "Parties may
obtain  discovery  regarding  any  matter,  not  privileged,  that  is
relevant  to  the  claim  or  defense  of  any  party."   Fed. R. Civ. P.
26(b)(1).  Relevance is not defined in the Federal Rules of Civil
Procedure.   However,  the  Federal  Rules  of  Evidence  defines
"relevant evidence" as "evidence having any tendency to make the
existence of any fact that is of consequence to the determination
of  the  action  more  probable  or  less  probable  than  it  would  be
without  the  evidence."   Fed. R. Evid. 401.   By  necessary
implication,  the  definition  of  relevance  in  the  universe  of
discovery  is  broader  than  that  in  evidence.   Under  the  evidence
regime, evidence is admissible only if it is relevant.  Fed. R.
Evid. 402.   However,  discovery  has  no  such  constraint,  "Relevant
information need not be admissible at the trial if the discovery
appears  reasonably  calculated  to  lead  to  the  discovery  of
admissible  evidence."   Fed. R. Civ. P. 26(b)(1).   With  this  in
mind, courts have taken the position that relevance, in the realm
of  discovery,  ought  to  be  broadly  and  liberally  construed.   <u>See</u>

---

[1]
Defendant specifically objects to interrogatories 8(e), 15-16,
18-19 on the grounds of relevance.

-3-

Herbert v. Lando, 441 U.S. 153, 177 (1979).

The definition of relevance continues to be liberally interpreted even after changes to Rule 26 in 2000. Relevance, as it stands after the 2000 amendments, "requires the courts and the parties to focus on the actual claims and defenses involved in the action." 6 Moore's Federal Practice § 26.43 (Matthew Bender 3d ed.) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000)). Prior to 2000, Rule 26 merely required that discovery be relevant to the "subject matter involved in the pending action." (Id. 26.41[2][a] (quoting Fed. R. Civ. P. 26(b)(1) (1983)). However, there is no indication that the change in focus from relevance in relation to the subject matter, to relevance in relation to claims and defenses, "marks a substantial departure from the traditional liberal construction of the term, which is designed to assure access to the information necessary for the achievement of justice and fair trials." Id. § 26.41[3][c]. Relevancy continues to be "broadly construed, and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." Favale v. Roman Catholic Diocese of Bridgeport, No. 3:04CV1220(DJS), 2005 U.S. Dist., LEXIS 27154 at *8-9 (D. Conn. Nov. 8, 2005) (quoting Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005)(emphasis added).

For the foregoing reasons the court finds that interrogatories

and production requests objected to on the grounds of relevance are, in fact, relevant or will reasonably lead to the discovery of relevant information.

Interrogatory 8(e) asks defendant to "[i]dentify each year the company refused to hire any individuals possessing state-granted Medical waivers for Commercial Drivers." (See Def's. Resp. Ex. A at 8.)  Defendant's admit that the adverse employment decision made in this case was prompted by a company policy. (Compl. at 5; Answer at 6.)  This policy presumably requires both that current employees not be granted medical waivers and that new drivers requiring such waivers not be hired.  What interrogatory 8(e) seeks is proof, or lack thereof, of this policy at work before plaintiff's demotion. Defendant voluntarily asserted its policy as a defense to the alleged discrimination.  As such, it cannot now claim that historical examples of that policy in action are not relevant.

Interrogatory 18 requests information on defendant's insurance coverage for disability claims.  (Def's. Resp. Ex. A at 15.) Plaintiff correctly cites Fed. R. Civ. P. 26 to support this interrogatory.  In relevant part, Rule 26 requires a party to disclose "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. Pro. 26(a)(1)(D).  Therefore, even in the absence of a request,

defendant must allow plaintiff access to its disability claim insurance policy. In light of Rule 26, the insurance coverage information requested by plaintiff's is clearly relevant.

Interrogatory 19 asks the defendant to articulate its policies and procedures used to record and preserve employee health records. (Def's. Resp. Ex. A at 15.) Plaintiff argues that insurance costs are a potential reason to discriminate against disabled employees. (Pl's Mem. Supp at 24.) The argument continues that if the defendant knew about disabled employees it would place those employees in less hazardous positions in order to minimize insurance costs, even if a disabled employee was qualified to perform a more hazardous task with reasonable accommodation. This argument is plausible in that it sets forth a possible motive defendant might have to maintain a policy of discrimination. Defendant's policy is alleged as discriminatory by plaintiff and asserted as a defense by defendant. As such, the information requested in interrogatory 19 is relevant to a claim or defense in this case.

Production Request 16 asks for information regarding the evaluation of defendant's managers and supervisors. The evaluations may include reports or reprimands for discriminatory activity by defendant's managers or supervisors. As such, evaluations could provide information establishing a pattern or practice of discrimination. Therefore, the information is relevant

and should be produced.

Production Request 31 asks for "Any all memos, letters, notes, correspondence, e-mails or other documents written or electronic which describe hiring procedures of the Defendant." (Def's. Resp. Ex. A at 29-30.)  Defendant admits that a company policy required the adverse employment decision alleged in this case.  (See Compl. at 5; Answer at 6.)  It is unclear whether this policy affects only current employees or extends to prospective employees as well.  If it is the later, then plaintiff's request is obviously relevant. Further, the defendant did not address this production request in its response to plaintiff's Motion to Compel.  Having no additional information on which to base a contrary decision, the court finds that Production Request 31 seeks relevant information.

Plaintiff's Production Request 32 asks for "[a]ny and all memos, letters, notes, correspondence, emails or other documents written or electronic that indicate any and all persons involved with the decision to hire the Plaintiff." (Def's. Resp. Ex. A at 30.)  Defendant does not address plaintiff's Motion to Compel Production Request 32 in its Response.  Therefore, to the extent defendant has access to the information[2], defendant is ordered to

---

[2]

In response to interrogatories 9 and 10 defendant represents it does not know who hired plaintiff, nor does it have any information regarding the circumstances surrounding the hiring. (See Def's. Resp. Ex. A at 9.)  Based on this sworn representation, the court concludes defendant does not possess or have access to this information.

produce the materials requested by plaintiff.

## B.    Attorney-Client & Work-Product Claims

To protect from abuse, discovery must have limiting principles aside from the low threshold of relevance.  One of these principles is that matters are not discoverable, under certain circumstances, if they privileged.  Fed. R. Civ. P. 26(b)(1).  Here, the defendant claims that a number of requests for production are inappropriate because they ask for information protected by either the attorney-client privilege or work-product doctrine.[3]

The attorney-client privilege prevents disclosure of a communication from a client to a lawyer, where that communication

> relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on the law or (ii) legal services or (iii) assistance in some legal proceeding , and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 358 (D. Mass. 1950); Colton v. United States, 306 F.2d 633, 637 (2d Cir. 1962). The rationale behind the privilege is to foster open

---

[3] Specifically, defendant objects, on the grounds of privilege, to production requests 1, 3-6, 10, 14 and 18-20. In its memorandum in support defendant does not raise a privilege argument with regard to production request number 1.  However, the defendant originally objected to releasing information in addition to what it had already provided on the ground that it was protected by attorney-client privilege and/or the work-product rule.  (See Def's. Resp. Ex. A at 21.)

and honest communication between a client and his lawyer.  <u>United States v. Schwimmer</u>, 892 F.2d 237, 443 (2d Cir. 1989).  Because of this underlying rationale, communication running from the lawyer to the client is not protected unless it reveals what the client has said.  <u>SCM Corp. v. Xerox Corp.</u>, 70 F.R.D. 508, 522 (D. Conn. 1976); <u>Clute v. Davenport Co.</u>, 118 F.R.D 312, 314 (D. Conn. 1988).

Completely distinct from the attorney-client privilege is the work-product doctrine.  The work-product doctrine, as codified in the Federal Rules states:

> a party may obtain discovery of documents and tangible things otherwise discoverable...and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).  "The work-product doctrine...is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries." <u>United States v. Adlman</u>, 134 F.3d 1194, 1196 (2d. Cir. 1998)(internal quotations omitted).  As the rule itself makes clear, work-product enjoys only limited immunity from discovery.  For "fact" work-product, that is work-product that does not contain legal opinions or conclusions, the party seeking discovery must meet the "substantial burden" and

"undue hardship" tests outlined in Rule 26.  <u>Maloney v. Sisters of Charity Hosp.</u>, 165 F.R.D. 26, 30 (W.D.N.Y. 1995).  Opinion work product, on the other hand, constitutes thoughts, strategies, legal opinions and conclusions by an attorney.  See <u>Loftis v. Amica Mut. Ins. Co.,</u> 175 F.R.D. 5, 11 (D. Conn. 1997).  Opinion work-product is given stronger protection and only discoverable in rare circumstances where the party seeking discovery can show extraordinary justification.  <u>Id.</u>; <u>S.N. Phelps & Co. v. Circle K. Corp.</u>, 1997 U.S. Dist. LEXIS 713, No. 96 CV 5801 (JFK), 1997 WL 31197, at *7 (S.D.N.Y. 1997).

Under both the attorney-client privilege and work-product doctrine the party asserting the claim has the initial burden of showing it applies.  See <u>Cornelius v. Consolidated Rail Corp.,</u> 169 F.R.D. 250, 253 (N.D.N.Y. 1996) (party claiming work-product protection must show three elements, "[f]irst, the material must be a document or tangible thing. Second, it must have been prepared in anticipation of litigation. Third, it must have been prepared by or for a party or its representative."); <u>In re Horowitz</u>, 482 F.2d 72, 82 (2d Cir.), <u>cert</u> <u>denied</u>, 414 U.S. 867 (1973)("the person claiming the attorney-client privilege has the burden of establishing all essential elements").

To assist the court and counsel, both the Federal and Local Rules require that the party asserting a privilege provide the court with a privilege log.  Fed. R. Civ. P. 26(B)(5); D. Conn. L.

Civ. R. 37(a)(1)

> When a party withholds information otherwise discoverable
> under these rules by claiming that it is privileged or
> subject to protection as trial preparation material, the
> party shall make the claim expressly and shall describe the
> nature of the documents, communications, or things not
> produced or disclosed in a manner that, without revealing
> information itself privileged or protected, will enable
> other parties to assess the applicability of the privilege
> or protection.

Fed. R. Civ. Pro. 26(B)(5).  A party seeking to avoid discovery
cannot hide behind bald statements of "privilege" and "work-
product" and expect the court to supply the rational to support the
claims.  See Obiajulu v. City of Rochester Dep't of Law, 166 F.R.D.
293, 295 (W.D.N.Y. 1996).  At the very least, the log should
identify each document's author and recipient, as well as reasons
why the information is claimed to be privileged.  See United States
v. Construction Prod. Research, 73 F.3d 464, 473 (2d Cir. 1996).
The privilege log is not simply a technicality, it is essential
tool which allows the parties and the court to make an intelligent
decision as to whether a privilege or immunity exists.  See Bowne
v. Ambase, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).  Preparation of a
privilege log is a critical step in discharging one's burden of
establishing the existence of a privilege.

    In asserting a claim of privilege, counsel should take care
not to withhold unprivileged information.  It is not proper to
withhold an entire document from discovery on grounds that a
portion of it may be privileged.  Where a document purportedly

contains some privileged information, the unprivileged portions of the document must be produced during discovery. The proper procedure in such instances is to redact the allegedly privileged communication, and produce the redacted document. The allegedly privileged information then should be described in a properly executed privilege log.

Defendant has provided the court with no privilege log. However, in its response to plaintiff's requests for production defendant did provide a skeletal argument outlining the documents it claims are privileged, including titles, dates and the names of authors and recipients. The court cannot, however, conclude that either the attorney-client privilege or work-product immunity applies on the basis of such little information. Having failed to provide adequate information for such a determination, the defendant has not perfected its claim of privilege. Since the documents are not privileged, they are discoverable. Therefore, the defendant is ordered to provide plaintiff's counsel with the documents requested in production requests 1, 3-6, 10, 14 and 18-20.

C.   **Overly Broad and Burdensome Claim**

Plaintiff's interrogatories 8(b)-(d), 15 and 16 request information dating back 20 years. Defendant objects to these requests on the basis that the 20-year request is overbroad because the instant defendant has been the plaintiff's employer only since

1997.

In employment discrimination cases courts often encounter discovery requests asking for information dating back many years in an attempt to prove a pattern or practice of discrimination. See 6 Moore's Federal Practice 3d § 26[7][a](Matthew Bender 3d ed.). Courts must balance the plaintiff's interest in obtaining information to make his case with the defendant's interest not to be deluged with requests dating back many years. There is no set formula to determine how many years of information is reasonable. Instead, courts must use their judgment in light of the allegations in the complaint. See, e.g., Fleming v. City of New York, 233 F. Supp. 2d 613, 614-15 (S.D.N.Y. 2002)(denying plaintiff's request for five years of information, finding that three years was sufficient to prove an employment discrimination case); Horizon Holdings, LLC v. Genmar Holdings, Inc., 209 F.R.D. 208, 212-13 (D. Kan. 2002) (limiting discovery to a period of three years before and two years after alleged discrimination took place).

The court finds that plaintiff's requests for twenty years of discovery is overly burdensome. Defendant appears to be amenable to providing information from 1997 when it became plaintiff's employer. This is reasonable in the circumstances here. Therefore, defendant shall answer plaintiff's interrogatories 8(b)-(d), 15 and 16 limited to the time period from 1997 to the present.

Plaintiff's Requests for Production 22-24 and 26-29 ask the

defendant to produce any information regarding discrimination complaints lodged against various members of defendant's management.  (See Def's. Resp. Ex. A at 26-29.)  The defendant responded by objecting to the breadth of the request on the ground that it was not limited to disability claims.  (See id.)  Defendant went on to assert that no complaints existed against the named managers with respect to disability claims.  (See id.)

To prevail on an objection that a particular interrogatory or production request is overly broad the objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984).  The objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted). See also Kimbro, 2002 U.S. Dis. LEXIS 14599 at *2 (stating that "the objecting party . . . bears the burden of showing why discovery should be denied")(citation omitted).  Moreover, the court, in deciding discovery issues, is afforded broad discretion. See Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004).

-14-

The defendant has objected to requests for production 22-24 and 26-29 on the premise that they should be limited to disability claims. However, defendant has not supported this pronouncement with any argument. As such, the defendant has failed to meet its burden showing why discovery should be denied. Defendant has already certified that no disability discrimination complaints exist against the managers listed in the production requests. If other types of employment discrimination complaints exist against the named managers the defendant will provide that information to plaintiff.

D.   **Sufficiency of the Answers**

The remainder of plaintiff's objections focus on the sufficiency of the answers provided. For the foregoing reasons, the court finds that all of the remaining disputed interrogatories and requests for production have been answered sufficiently except interrogatory 9 and production request 2.

Interrogatory 9 asks for information relating to individuals involved in hiring plaintiff. Defendant claims that it does not have this information. While the parties have provided the court with very limited information, defendant's response is troubling. As successor in interest to the entity that hired plaintiff, it seems that defendant should have access to plaintiff's employment records. It is likely that those records contain the information plaintiff seeks in interrogatory 9. To the extent that defendant

has access, or reasonably can obtain access, it is ordered to answer plaintiff's interrogatory.

Production Request 2 asks for "Any and all personnel, disciplinary or any other type of files, notes, folders, listings, compilations or other form written or electronic <u>maintained by the Defendant</u> concerning or relating to the Plaintiff, including files that are kept in storage in paper or electronic form from February 1984 to the present date." (Def's. Resp. Ex. A at 21) (emphasis added.) Defendant takes the position that since some of plaintiff's medical files are held by third party independent contractors they are outside the scope of the interrogatory. (Def's Resp. at 7.) This is an unreasonable and overly literal reading of the interrogatory. These records are kept by third parties at the convenience and the behest of the defendant. It is not unduly burdensome for the defendant to provide these records to plaintiff. The remainder of the disputed interrogatories and production requests appear to have been sufficiently answered.

Defendant's June 20, 2005 letter, (Def's. Resp. Ex. C), combined with its original answer to plaintiff's interrogatory appears to have adequately answered interrogatory 3.[4] Plaintiff's interrogatory asked the defendant to "[i]dentify...[the] policy and

---

[4] Defendant is ordered to incorporate the contents of its June 20, 2005 letter into the form of a signed and sworn interrogatory answer, as the Federal Rules require, and serve the same on plaintiff's counsel.

procedure for investigating reports of discrimination brought by
employees for breach of implied contract, failure to accommodate a
disability or other matters related to the Plaintiff's claims and
allegations in this matter." Defendant's letter outlines its
unwritten policy with regard to receiving and investigating age and
disability claims by its employees. Defendant, however, must
provide this information in a sworn and signed document. An
unsworn letter by a lawyer is not an adequate substitute for an
interrogatory answer.

Plaintiff's request for information regarding "other matters
related to the [p]laintiff's claims" appears to relate to
plaintiff's state statutory and common law claims. These claims
also deal with age and disability discrimination. As such, they
are sufficiently covered by defendant's answer to plaintiff's
interrogatories and its June 20th letter.

Likewise, defendant's answer to interrogatory 17 is
sufficient. Plaintiff asked defendant to list the employees within
the last five years who have filed discrimination complaints and
give the nature and outcome of those complaints. The defendant
provided the plaintiff with the names of the complaining employees,
complaint identification numbers, the subject matter of the
complaint and the disposition. Therefore, the defendant has
provided everything asked for in the interrogatory and somewhat
more.

Defendant also sufficiently answered interrogatory 20. Interrogatory 20 asked the defendant to "[i]dentify the Defendant's policy and procedures used to record and preserve employee health insurance records since 1990, all changes to the policy and procedures and year of each change." (Def's. Resp. Ex. A at 15.) Defendant responded by providing the plaintiff with a list of the policies as well as copies of the policies listed. Plaintiff's memorandum in support lists other pieces of information he believes would be relevant to the interrogatory. However, plaintiff cannot expand the scope of his interrogatory through a motion to compel. The defendant sufficiently responded to the interrogatory as it was worded.

### III.   <u>Protective Order</u>

The remaining disputed production requests, 11-13 and 33-38, appear mooted by the issuance of an agreed upon protective order. Defendant has agreed to provide the information requested after the issuance of a protective order. Since it appears that defendant is amenable to plaintiff's version of a protective order, (<u>See</u> Def's. Resp. Ex. A at 15), that version is hereby so ordered by the court and is now binding on the parties in this case.[5]

### IV.   <u>Attorney's Fees</u>

Plaintiff's motion for attorney's fees is **DENIED** without

---

[5]
The agreed upon protective order appears as Exhibit C to Defendant's Response to Plaintiff's Motion to Compel. [Dkt. #37-3]

prejudice.  At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion.  <u>See</u> Fed. R. Civ. P. 37(a).

## V.   <u>Conclusion</u>

For the foregoing reasons, plaintiff's motion to compel **[Dkt. #29]** is **GRANTED** in part and **DENIED** in part.  Plaintiff's motion for a protective order **[Dkt. #30]** is granted.   The defendant is hereby **ORDERED** to respond to the requests in a manner consistent with this opinion.  Unless otherwise ordered herein, all discovery orders in this ruling will be complied with fully within 30 days of this date.

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.   <u>See</u> 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 4ᵗʰ day of November, 2005.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**

-19-